# United States District Court for the District of Massachusetts

Sai
*Plaintiff*
+1 510 394 4724
dccc@s.ai
4023 Kennett Pike #54514, Wilmington DE 19807

v.

Transportation Security Administration (TSA)
Department of Homeland Security (DHS)
United States (USA)
MA State Police, Troop F / Massport (MPD)
City of Boston

Civil Action No.:

Jeh Charles Johnson, DHS Secretary (*official capacity*)

*both individual & official capacities:*
Tricia Tonge-Riley, TSA STSO
Shanna Kukla, TSA STSO
Paul Coleman, MPD Officer
John Ferragamo, TSA security manager
Alex Ransom, TSA Office of Intelligence (TSA-OI)
Willaim Evans, TSA incident monitor
*Defendants*

**Plaintiff's motion for CM/ECF access for case initiation, and to be excused from publicly disclosing individual defendants' addresses**

*I hereby move* this Court for leave to participate in the Case Management/Electronic Case Files system, including filing all case initiating documents (complaint[1], summons, opening motions, etc.) via CM/ECF. *I consent and request* that I be served wherever possible either via CM/ECF or email to dccc@s.ai, rather than by paper, and to the other rules of CM/ECF usage.

In support of this motion, I hereby certify that:

---

[1] The substance of this case is complex, involving numerous civil rights and disability related claims arising out of an incident at BOS airport in January 2013 against Plaintiff.

- I generally have Internet access;

- I can easily file and receive documents electronically on a regular basis;

- I have a PACER account (saizai_pacer);

- I have CM/ECF accounts with the US Dist. Ct. DC (1:14-cv-00403 & 1:14-cv-01876) and the US Ct. App. DC (14-1005), which I have used without difficulty since January 2014;

- I completed CM/ECF training with the US Dist. Ct. DC and US Ct. App. DC, and am willing to complete such other training as this Court may direct;

- I have attempted to complete this Court's ECF training, at https://ecf-train.mad.uscourts.gov, but that website is not currently functional;

- I write all of my documents electronically, and paper filing necessarily alters their form in a negative way (e.g. degrading readability, removing hyperlinks and PDF structure, preventing § 508 accessibility, etc.) compared to fully electronic filers;

- In order to have it as part of the record on a motion to dismiss, I would like to attach several hundred pages of evidence (plus 40 minutes of video) to my complaint, which would be impractical and costly to file or serve on paper compared to CM/ECF;

- I have significant disabilities which cause difficulty accessing and using physical mail but do not apply to electronic documents;

- I believe I qualify for IFP status;

- I will file a motion for IFP status, together with a motion to file my IFP financial affidavit under seal and ex parte[2], as part of case initiation; and

---

[2] I expect this motion to parallel my pending motion before the US Dist. Ct. D.C., *Sai v. DHS et al.*, No. 1:14-cv-01876-RDM, filings 2015-06-10 ECF No. 65 and 2015-06-13 ECF No. 66 (corrected), as well as my petition for *certiorari*, *Sai v. USPS*, No. 14-646 (*cert* denied, w/ two amicus briefs in support and BIO requested).

- fling case initiation documents by paper would impose additional costs and delays on me.

To the best of my knowledge, this Court's rules permit (indeed, require) represented plaintiffs to file all case initiation documents electronically. However, its practices prohibit *pro se* plaintiffs from doing the exact same thing — even if the plaintiff otherwise complies with all CM/ECF rules, is not vexatious, and actively opts in to CM/ECF participation.

Simply *permitting* such plaintiffs to file by paper is a good rule, which I support. Some *pro se* plaintiffs may not be comfortable with CM/ECF or may not have regular Internet access, but have a right to access the courts regardless. However, this is a *prohibition,* with disparate impact.

This difference imposes an unfair, disparate burden on *pro se* plaintiffs — additional printing and mailing costs, additional case processing and filing time, delay in having access to case documents, lack of § 508 compliant electronic documents, etc. This is especially burdensome for those who have disabilities and/or qualify for IFP status, as I do.

Being *required* (not just *permitted*) to file case initiation by paper, where other plaintiffs may file electronically, violates my rights to equal protection and to full and equal access to the courts. It also goes against the intent of the IFP statute, which is to minimize IFP litigants' costs. This Court has not yet received my IFP motion, but *applying* for IFP involves the same interests.

I therefore move that I be assigned a case number for this matter, given *fully equal* CM/ECF access, notified by email, and permitted to file remaining case initiation documents (complaint, IFP motion, etc) electronically within a month of receiving CM/ECF access.

*In the alternative,* in order to preserve this issue for review and ensure that this motion will be part of the record in a single case, I move that I be assigned a case number for this matter, notified by email of this Court's denial of my primary motion above, ordered to file case initiating documents by paper within a month of notification, and permitted to file all *other* documents by CM/ECF.

Though I believe I have demonstrated adequate competence in using CM/ECF in the US Dist. Ct. DC and US Ct. App. DC, I am willing to complete whatever additional CM/ECF training this Court deems necessary and appropriate as a condition of either motion above.

*Second*, I hereby move that this Court waive all requirements on me to publicly list individual defendants' addresses (e.g. on the complaint), in order to protect their personal privacy.

In *Sai v. DHS et al,* No. 1:14-cv-1876 (D.D.C.), I arrived at an agreement with the individual defendants' counsel to conduct individual capacity defendants' service electronically via counsel, and the Court approved an essentially identical, unopposed motion (ECF No. 14, Feb. 27, 2015 minute order).

Respectfully submitted,
Sai, *plaintiff pro se*
dccc@s.ai
+1 510 394 4724
4023 Kennett Pike #54514, Wilmington DE 19807