**United States District Court for the District of Massachusetts**

Sai
*Plaintiff*

v.

TSA *et al.*
*Defendants*

Civil Action No.: 1:15-cv-13308-WGY

*[Clerk's Office stamp: 2015 NOV 16 PM 12 35, U.S. DIST... DISTRICT OF...]*

**Motion for appointment of counsel and waiver of fees under 42 USC 2000a3(a);**

**alternative motion for deferred entry of judgment and stay pending appeal**

**REQUEST FOR ORAL ARGUMENT**

In its last order, this Court denied my motion for clarification of its order denying my motions for appointment of counsel, CM/ECF access, and ambiguously responding to my motion for permission to file an IFP affidavit under seal.

I hereby move for appointment of counsel and waiver of fees under 42 U.S. Code § 2000a3(a), which does not require a showing of indigency.

Alternatively, I move for a deferred entry of judgment, denying my IFP motion with prejudice and dismissing this case unless I pay the Court's fee within 30 days of being served with the order, with a concurrent stay pending collateral appeal.

As this Court is aware, I have sworn that I am willing and able to demonstrate my qualification for IFP status, but *only* if I have the explicit assurance of this Court that my IFP affidavit will be kept under seal and *ex parte*, due to multiple Constitutional concerns with having my affidavit disclosed either to the public, a private opposing party, or the Government.

This Court's order, for which I requested clarification, did not address whether my affidavit would be considered *ex parte*, nor whether seal would in fact be granted. Without either assurance, I cannot in good faith file an IFP affidavit, as I believe doing so would risk a violation of my Constitutional rights.

I therefore move for appointment of counsel and waiver of fees, costs, and security under 42 U.S. Code § 2000a3(a), which provides that

> "Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the civil action without the payment of fees, costs, or security."

42 USC 2000a3(a) is available for litigation under both the ADA and the Rehabilitation Act. By its plain terms, unlike the IFP statute, there is no requirement for a showing of indigency, only "circumstances as the court may deem just".

The civil rights violations set forth in my complaint are fairly serious and complex. They are primarily disability related, though also raise multiple 1st, 4th, and 5th amendment questions as well. According to TSA's official response to my Rehabilitation Act grievance, I was subjected to additional search based on my mutism, and furthermore I was physically deprived of the ability to write solely because I used my writing to protest their unlawful search rather than to respond to an interrogation.

I have diligently attempted to find counsel for this case, without success. The ACLU and Disability Rights Advocates have both told me that my complaint seems meritorious, but that they lack the resources to pursue it. The same is true of approximately six other lawyers whom I have approached to represent me. Some have expressed a willingness to help in a consultative

role, but none have been willing to take on the role of lead counsel.

I have also contacted an expert witness who is eminently qualified to testify regarding core issues of this litigation, such as the TSA's "behavior detection" program, and has done so in at least one other major court case. He agreed to assist me, but only if I retain counsel, so that there would be attorney-client privilege for his assistance.

I do not have the funds to pay an attorney. Nor do I have the skill or energy to adequately prosecute this case *pro se*. This case involves disability law, constitutional and common law torts, FTCA standing (including a circuit split on whether TSA screeners are FTCA "investigative officers"), jury trial, spoliation of evidence, obstruction of justice, qualified immunity, etc. It most likely requires a team of lawyers to adequately take on. The complexity of the issues presented by this case are well beyond my own ability; representing myself would essentially be ineffective assistance of counsel.

I am of course willing to elaborate further on any of these issues, e.g. at a hearing, if this Court wishes.

Considering the totality of the circumstances, I believe that it is in the interests of justice for this Court to appoint counsel, and waive fees, costs, and security, under 42 U.S. Code § 2000a3(a).

In the alternative, if this Court denies me counsel and waiver under § 2000a3(a) as well as denying my motion for permission to have my IFP affidavit accepted under seal and *ex parte*, then I must ask that this Court

    a. deny my motion for IFP *with prejudice* based on my refusal to file an affidavit other than

under seal and *ex parte*,

b. enter judgment against me dismissing this case for lack of prosecution in 30 days of the date of the order unless I submit the Court's filing fee, and

c. staying the order and tolling all deadlines pending appeal.

Denial of IFP status, and denial of appointment of counsel, are both "in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated". *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).

In *Roberts v. United States Dist. Court for Northern Dist. of Cal.*, 339 US 844, 845 (1950) (per curiam), the Supreme Court stated unequivocally that "[t]he denial by a District Judge of a motion to proceed in forma pauperis is an appealable order."

I am not aware of any precedent on point in this circuit, but nearly all other circuits to consider the matter have agreed. *See Sears v Sears*, 865 F. 2d 22, 23 (2d Cir. 1988) (per curiam), *Polnick v Eastern State Hospital*, 701 F.2d 243 (2d Cir. 1983) (per curiam), *In re. Jackman*, No. 13-2970 (3d Cir., Sept. 9, 2013) (not precedential), *Tripati v. First Nat. Bank & Trust*, 821 F. 2d 1368, 1369 (9th Cir. 1987), and *Lister v. Department of Treasury*, 408 F. 3d 1309, 1310 (10th Cir. 2005). Only the Fourth Circuit has disagreed, and at that, only in unpublished, per curiam opinions with no substantive analysis. *See e.g. Justice v. North Carolina*, No. 15-1315 (4th Cir., May 21, 2015), *Brown v. Clarke*, No. 14-7169, (4th Cir., Jan. 2, 2015), *US v. Truttling*, No. 14-7236 (4th Cir., Dec. 23, 2015), and *Koenig v. Maryland*, No. 14-7075 (4th Cir., Dec. 22,

2014).

The circuits also agree that denial of counsel is an appealable collateral order. *See Ray v. Robinson*, 640 F. 2d 474, 477 (3d Cir. 1981), *Caston v. Sears, Roebuck & Co., Hattiesburg, Miss.*, 556 F. 2d 1305, 1308 (5th Cir. 1977), *Bowman v. Bowersox*, No. 12-1267 (8th Cir., April 16, 2012) (unpublished, per curiam), *Slaughter v. City of Maplewood*, 731 F. 2d 587, 588-89 (8th Cir. 1984), *Hudak v. Curators of University of Missouri*, 586 F. 2d 105, 106 (8th Cir. 1978) (per curiam), and *Bradshaw v. Zoological Soc. of San Diego*, 662 F. 2d 1301, 1310-1311 (9th Cir. 1981).

In order to provide an adequate record for review, "[a] court should give "serious consideration" to appointing counsel whenever an indigent plaintiff establishes in his pleadings a prima facie case which, if proven, would entitle him to relief." *Sours v. Norris*, 782 F. 2d 106, 107 (8th Cir. 1986). Absent a clear opinion from this Court — which this Court has denied in denying my motion for clarification and entry of written opinion — the 1st Circuit will need to remand to "determine from the record whether the district court exercised a reasoned and well-informed discretion, so as to permit [its] review for abuse of discretion", *Slaughter*, 731 F. 2d 587, 589.

I know of no precedent on point, but I respectfully submit that denial of CM/ECF access is also an appealable collateral order, as relief cannot be obtained on appeal after a final order. This Court has declined to give me any indication of the reasons for its denial or what I might do to qualify for CM/ECF, though I have listed many ways in which such denial unduly prejudices me compared to represented plaintiffs.

This Court will certainly dismiss my case for lack of prosecution unless

a. I file my IFP affidavit, which I will only do if this Court guarantees both seal and *ex parte* consideration;

b. I am granted appointment of counsel and waiver of fees, either under the IFP statute or under 42 U.S. Code § 2000a3(a), as moved here; or

c. I pay this Court's filing fee and proceed *pro se*, which I have stated that I am not reasonably able to do.

This Court's denial of clarification and entry of a written order leaves me in a state of limbo, where there is not an adequate record for appeal, nor a clear order denying me the ability to make my IFP motion with an under seal, *ex parte* affidavit.

In sum, I move either that I be appointed counsel and waiver under § 2000a3(a), or allowed to submit my IFP affidavit under seal and *ex parte.*

Alternatively, if this Court denies both of these primary reliefs, I move that this Court enter an appealable opinion as to why it is denying my motions for sealed, *ex parte* consideration of IFP affidavit; for counsel; and for CM/ECF access — i.e. that a final judgment be entered against me that plainly orders me to pay or have the case dismissed, so that I can appeal without losing the filing date of this case (as it is necessary for my FTCA standing).

> Respectfully submitted,
> Sai, *plaintiff pro se*
> dccc@s.ai
> +1 510 394 4724
> 4023 Kennett Pike #54514, Wilmington DE 19807